NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-4103
_____

ROBERT C. MINNIS, SR.,
          Appellant

v.

BALDWIN BROS. INC.

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 04-cv-00194E)
District Judge: Honorable Sean J. McLaughlin
_____

Submitted Under Third Circuit LAR 34.1(a)
April 14, 2005

Before: ROTH, MCKEE AND ALDISERT, CIRCUIT JUDGES

(Filed August 18, 2005)

_____

OPINION
_____

PER CURIAM

The appellant, Robert C. Minnis, Sr., appeals pro se from the order of the United States District Court for the Western District of Pennsylvania dismissing his complaint. We will affirm.

As we write for the parties, we need only review the pertinent facts and procedural history of the underlying matter. On June 21, 2004, Minnis filed a complaint in the Court of Common Pleas of Erie County seeking to recover "pension" benefits from Baldwin Brothers, Inc. ("Baldwin Brothers"). According to Minnis' complaint, before he died in August 1995, J. Robert Baldwin, the former president of Baldwin Brothers, promised Minnis a $400.00 per month pension. Minnis alleged in his complaint that the monthly pension payments were to begin on September 1, 1995, and continue until his death. According to Minnis, Baldwin Brothers has refused to pay the benefits owed to him. Minnis sought damages in the amount of five million dollars.

On July 9, 2004, Baldwin Brothers removed the case to the District Court for the Western District of Pennsylvania on the ground that the state law breach of contract claim asserted in Minnis' complaint was actually a claim for the denial of benefits due to him under the terms of an employee benefits plan and, as such, was preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). See 29 U.S.C. § 1132(a)(1)(B). Shortly thereafter, Minnis filed a motion to remand. Baldwin Brothers then filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Minnis' ERISA claim was barred by the applicable statute of limitations. On September 29, 2004, the District Court conducted a hearing on the pending motions. At the conclusion of the hearing, the District Court denied Minnis' motion to remand and granted Baldwin Brothers' motion to dismiss. This timely appeal followed.

Our standard of review of the District Court's dismissal under Rule 12(b)(6) is plenary. See Gallo v. City of Philadelphia, 161 F.3d 217, 221 (3d Cir. 1998). "We must determine whether, under any reasonable reading of the pleadings, the plaintiff[] may be entitled to relief, and we must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). Moreover, as Minnis filed his complaint pro se, we must liberally construe his pleadings and apply the applicable law, irrespective of whether he has mentioned it by name. See Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003).

ERISA applies to "any employee benefit plan if it is established or maintained . . . by any employer engaged in commerce." 29 U.S.C. § 1002(2)(A). ERISA itself does not provide a definition of the term "plan." However, the "term is clearly not intended as a requirement of a writing." Deibler v. Local Union 23, 973 F.2d 206, 209 (3d Cir. 1992). Instead, "the crucial factor in determining whether a 'plan' has been established is whether the employer has expressed an intention to provide benefits on a regular and long-term basis." Id. (quotations and citation omitted). In short, a plan under ERISA "is established if from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits." Donovan v. Dillingham, 688 F.2d 1367, 1373 (11th Cir. 1982); see also Henglein v. Informal Plan for Planned Shutdown Benefits for Salaried Employees, 974 F.2d 391, 399 (3d Cir. 1992); Deibler, 973 F.2d at 209 (quoting Donovan as the

"prevailing standard for determining whether a 'plan' within the meaning of ERISA has been established"). "Whether a plan exists within the meaning of ERISA is 'a question of fact, to be answered in light of all the surrounding facts and circumstances and from the point of view of a reasonable person.'" Deibler, 973 F.2d at 209 (quoting Wickman v. Northwestern National Ins. Co., 908 F.2d 1077, 1083 (1st Cir. 1990)). Therefore, we will reverse the District Court's finding of an ERISA plan only if that finding is clearly erroneous. See Deibler, 973 F.2d at 210.

    Here, the circumstances surrounding the plan are such that a reasonable person could ascertain the intended benefits and beneficiary. The plan as alleged by Minnis unambiguously provided him $400.00 per month for the remainder of his life. See Williams v. Wright, 927 F.2d 1540, 1545 (11th Cir. 1991) ("[W]e do not interpret Donovan's use of the word 'class' as an absolute requirement of more than one beneficiary or that a plan tailored to the needs of a single employee can not be within ERISA."). Moreover, the source of funding can be reasonably ascertained as the general assets of Baldwin Brothers. See id. at 1544 (concluding that "the payment of benefits out of an employer's general assets does not affect the threshold question of ERISA's coverage"). Finally, the procedure alleged by Minnis for receiving benefits is clear: Minnis was to receive a monthly payment of $400.00 from Baldwin Brothers until his death. See Deibler, 973 F.2d at 210 (concluding that even when "the source of financing and procedure for receiving benefits are never made explicit, [] it is enough if these can

4

be ascertained from the 'surrounding circumstances'"). Under these circumstances, we conclude that the District Court's determination that Minnis' complaint alleged a "plan" within the meaning of ERISA was not clearly erroneous. Accordingly, the District Court did not improperly exercise federal jurisdiction over Minnis' action.[1]

Likewise, we agree with the District Court that Minnis' ERISA claim is barred by the statute of limitations. Claims brought under ERISA are subject to the relevant state statute of limitations governing contract actions. See Syed v. Hercules Inc., 214 F.3d 155, 159 (3d Cir. 2000); see also Henglein v. Colt Indus., 260 F.3d 201, 208 (3d Cir. 2001) (noting that ERISA does not contain its own statute of limitations and, therefore, courts should look to the most analogous state provisions). In Pennsylvania, the statute of limitations for contract actions is four years. See 42 Pa. C.S.A. § 5525(8). Generally, a statute of limitations begins to run under Pennsylvania law when a plaintiff's cause of action arises or accrues. See Leedom v. Spano, 647 A.2d 221, 226 (Pa. Super. 1994). Here, Minnis' cause of action accrued on September 1, 1995, when Baldwin Brothers failed to make its first monthly payment under the terms of the plan. Because Minnis did not file his complaint until June 21, 2004, well after the four year statute of limitations

---

[1] Moreover, because Minnis alleged an ERISA plan in his complaint, any state law claims contained therein were preempted by ERISA. See 29 U.S.C. § 1144(a) (section 514(a), the express preemption provision of ERISA, provides that ERISA "shall supercede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by the statute); see also Shaw v. Delta Airlines, 463 U.S. 85, 96-96 (1983) ("A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan.").

5

expired, the action is clearly time-barred. Therefore, the District Court did not err in dismissing Minnis' complaint as untimely. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 1 (3d Cir. 1994) (noting that a complaint may be dismissed pursuant to Rule 12(b)(6) on statute of limitations grounds if the untimeliness of the complaint is apparent on its face).

Accordingly, for the reasons set forth herein and by the District Court, we will affirm the District Court's order dismissing Minnis' complaint and denying his motion to remand.